UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MARLIN SILVA,**

    **Plaintiff,**

v.                                                      Case No: 5:21-cv-417-MMH-PRL

**JOHN H. BURCH, JR. , MICHAEL FACUNDUS, ERICA BURCH, RISE N VAPE SMOKE SHOP LLC. '35;1, RISE N VAPE SMOKE SHOP 2 L.L.C., RISE N VAPE SMOKE SHOP LLC and RISE N VAPE SMOKE SHOP LLC. '35;4,**

    **Defendants.**

## ORDER

In this trademark infringement case, Plaintiff seeks to strike Defendants' affirmative defenses. (Doc. 25). Defendants have now responded. (Doc. 27). For the reasons discussed below, the motion is denied.

### I.   BACKGROUND

Plaintiff, Martin Silva, is the sole authorized member of WAKE-N-VAPE LLC. (Doc. 1). Defendants are the registered owners of RISE N VAPE SMOKE SHOP, formerly known as WAKE N VAPE SMOKE SHOP. In the complaint, Plaintiff alleges that the defendants have infringed on his trademark "Wake-N-Vape." (Doc. 1). In the answer, Defendants raised nine affirmative defenses. (Doc. 20). Now, Plaintiff moves to strike each of the nine affirmative defenses. (Doc. 25).

### II.   LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are generally disfavored and will usually be denied unless it is clear that the pleading (or portion thereof) that is sought to be stricken is legally insufficient. *See Fabrica Italiana Lavorazione Materie Organiche S.A.S. v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 776 (11th Cir. 1982); *Thompson v. Kindred Nursing Centers East, LLC*, 211 F. Supp. 2d 1345 (M.D. Fla. 2002); *In re Sunbeam Securities Litigation*, 89 F. Supp. 2d 1326 (S.D. Fla. 1999). Indeed, a "court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003) (internal quotation marks omitted); *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574 (M.D. Fla. 1995). And, "[t]o the extent defenses amount to denials, 'the proper remedy is not to strike the claim[s], but instead to treat [them] as . . . specific denial[s].'" *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-CV-947-J-34HTS, 2009 WL 1139572, at *3 (M.D. Fla. Apr. 27, 2009) (quoting *Bluewater Trading LLC v. Wilmar USA, Inc.*, 2008 WL 4179867, at *2 (S.D. Fla. Sep. 9, 2008)).

A defense is sufficiently pled under Rule 8, Fed. R. Civ. P., if it is stated in "short and plain terms." In asserting a defense, "it is not always necessary to allege the evidentiary facts constituting the defense," *Blanc v. Safetouch, Inc.*, No. 3:07 CV 1200 J 25TEM, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008); rather, the pleading need only give fair notice of the defense(s) "so that [the] opposing part[y] may respond, undertake discovery, and prepare for trial." *McGlothan v. Walmart Stores, Inc.*, No. 6:06-cv-94-Orl-28JGG, 2006 WL 1679592, at *1 (M.D. Fla. June 14, 2006); *see also Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988)

("[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.").

### III.  DISCUSSION

Plaintiff seeks to strike all of Defendants' nine affirmative defenses, either because they are conclusory and devoid of any factual or legal support, not applicable to the instant action, or not otherwise valid defenses.

As an initial matter, "[a]ny argument with respect to the sufficiency of the defense is more appropriate at the summary judgment stage." *S.-Owners Ins. Co. v. Phonex Realty Homes, Inc.*, No. 5:20-CV-384-OC-30PRL, 2020 WL 9209277, at *1 (M.D. Fla. Dec. 9, 2020). Plaintiff seeks to strike the third, fourth, sixth, and seventh affirmative defenses for failing to assert facts to support the allegations. The third affirmative defense is for estoppel and states that Plaintiff and Defendant entered settlement negotiations regarding this dispute in August 2019, the fourth is for acquiescence and restates the settlement negotiations entered by the parties, the sixth states that Plaintiff failed to mitigate damages, and the seventh states that Plaintiff failed to state a claim. The court will not strike these affirmative defenses because they contain enough information to place Plaintiff on notice. *Id.* Plaintiff also notes that the first, second, fifth, seventh, and ninth affirmative defenses are denials and challenges to the sufficiency of the pleadings rather than defenses. As discussed above, the proper remedy in this instance is not to strike the defenses, but to treat them as denials. *Goodbys Creek, LLC*, 2009 WL 1139572, at *3.

Next, Plaintiff seeks to strike the first, second, fifth, and eighth affirmative defenses for being irrelevant and an attempt to confuse the court. The court will not exercise its discretion

to strike a pleading "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Nankivil*, 216 F.R.D. 689, 691 (M.D. Fla. 2003); *Reyher*, 881 F. Supp. 574. Additionally, "[e]ven deficient defenses, to the extent that they raise relevant and substantial legal and factual questions, may survive a motion to strike." *S.-Owners Ins. Co.*, 2020 WL 9209277, at *1.

Here, each affirmative defense relates to Plaintiff's trademark infringement claim. The first affirmative defense states that Plaintiff's claims are barred by the doctrine of waiver because of the disclaimer included in Plaintiff's trademark registrations, the second states that Plaintiff's claim to trademark rights for the term "vape" is invalid because the term is a descriptive term for vaporizers, the fifth states that Plaintiff is barred by the doctrine of unclean hands because Plaintiff relinquished the right to exclude others from using the words "wake" or "vape," and the eighth states that Defendants used the term "vape" fairly and in good faith. (Doc. 20). The court disfavors motions to strike affirmative defenses because the facts related to the defense may be uncovered during discovery. *Traderplanet.com, LLC v. Foundation for the Study of Cycles, Inc.*, NO. 8:13-cv-3120-T-30TBM, 2014 WL 12620823, at *2 (M.D. Fla. May 22, 2014). Therefore, Plaintiff's request to strike Defendants' affirmative defenses is due to be denied.

## IV. CONCLUSION

Accordingly, for the reasons discussed above, Plaintiff's motion to strike (Doc. 25) is **denied.**

**DONE** and **ORDERED** in Ocala, Florida on December 17, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties